## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kayla Clauson,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Stride Academy,<br><br>                    Defendant. | **COMPLAINT**<br><br>Court File No.:  0:21-cv-01141 |

Plaintiff, for her Complaint and causes of action against the above-named Defendant, states and alleges as follows:

### OVERVIEW

Kayla Clauson ("Plaintiff") brings this action against Stride Academy ("Defendant") for violations of the Family and Medical Leave Act ("FMLA") and the Pregnancy Discrimination Act of 1978 ("PDA"). Defendant hired Plaintiff on August 1, 2019 as a Teacher. In November 2020, Defendant interfered with Plaintiff's right to take FMLA leave without retaliation, and publicly posted that her job was available. As a result, Plaintiff has suffered significant monetary and emotional damages.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617, in that this is a civil action arising under the Family Medical Leave Act (FMLA) and the Pregnancy Discrimination Act of 1978 ("PDA").

2.   Venue is proper in this District under 28 U.S.C. § 1391 because Defendant does business in this District and the events and omissions giving rise to this Complaint occurred wholly in this District.

## PARTIES

3.   Plaintiff, Kayla Clauson, is a resident of Big Lake, Minnesota.

4.   Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint.

5.   Defendant, Stride Academy, is nonprofit corporation located in Saint Cloud, Minnesota.

6.   Defendant is an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

## FACTS

7.   At all relevant times, Plaintiff worked as an employee of Defendant at Stride Academy, located at 3241 Oakham Lane, Saint Cloud, MN 56303.

8.   Plaintiff worked for Defendant from August 01, 2019 through December 8, 2020.

9.   Plaintiff worked for Defendant as a Teacher, working full time and earning a salary of $36,744 plus benefits.

10.  Plaintiff's pregnancy leave was scheduled to be from October 01, 2020 to January 04, 2021.

11.  Plaintiff exchanged email correspondence with Defendant documenting her request for maternity leave and Defendant's awareness and approval of said leave.

12.  Following the birth of her child, Plaintiff when on FMLA leave. Her last date worked was September 30, 2020.

13.  Under Plaintiff's agreement with Defendant, Defendant was to utilize 112 hours of paid time off (PTO) while Plaintiff was on FMLA leave.

14. Plaintiff never received payment for those 112 hours of PTO from Defendant.

15. On November 25, 2020, one of Defendant's representatives contacted Plaintiff to ask if Plaintiff still planned on returning to work January 04, 2021.  Plaintiff confirmed that she was returning.

16. Plaintiff and Defendant's employees engaged in text messages documenting Plaintiff's plan to return to work on January 04, 2021 and Defendant's knowledge and approval of that return date.

17. During Plaintiff's FMLA leave and following the aforementioned conversation, Defendant publicly posted that Plaintiff's job was available.

18. Plaintiff was humiliatingly informed of the job posting through another teacher of Defendant.

19. Plaintiff confronted her supervisor, Principal Gwen Anderson ("Supervisor"), about the job posting:

    A.    Initially, Plaintiff's Supervisor accused Plaintiff of taking items from Plaintiff's classroom prior to her FMLA leave which Supervisor assumed Plaintiff would use while operating under her daycare license instead of working for Defendant.

    B.    Plaintiff immediately informed her Supervisor that she gave no indication of a desire to quit her position, nor did she take any items from her classroom that were not personal possessions.

    C.    Plaintiff's Supervisor then changed the job post reasoning, stating that Defendant's Administration made Supervisor post that Plaintiff's job was available.

20. Defendant's deceitful posting caused Plaintiff to feel humiliated and betrayed, compelling Plaintiff to resign on December 8, 2020.

21. As a result of Defendant's conduct, Plaintiff has suffered damages including loss of income and other benefits, humiliation, anxiety, and distress.

## COUNT ONE

### FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601 *et seq*.

22. Plaintiff re-alleges and re-incorporates by reference each and every allegation set forth in the proceeding paragraphs.

23. Defendant is an employer covered by the FMLA pursuant to 29 U.S.C. § 2601 *et seq.* because it is a business that employed fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave.

24. Plaintiff is an FMLA eligible employee because she was employed by Stride Academy for one (1) year and two (2) months prior to requesting FMLA leave and had been employed by Defendant for over 1,250 hours in the twelve-month period prior to her request.

25. The FMLA provides employees with the right to take unpaid, job-protected leave for specified family and medical reasons.

26. According to 29 U.S.C.S. § 2612(a)(1):

    "An eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: . . . (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter."

27. Plaintiff was entitled to FMLA leave because she gave birth to her child and needed time to care for her new born child.

28. In accordance with FMLA, on DATE, Plaintiff notified Defendant that she would need to take leave.

29. Defendant and Plaintiff then agreed by emails that Plaintiff's pregnancy leave was to be scheduled from October 01, 2020 to January 04, 2021.

30.  Under 29 U.S.C.S. § 2614(a)(1):

> ". . . any eligible employee who takes leave under section 2612 of this title for the
> intended purpose of the leave shall be entitled, on return from such leave – (A) to be
> restored by the employer to the position of employment held by the employee when the
> leave commenced; or (B) to be restored to an equivalent position with equivalent
> employment benefits, pay, and other terms and conditions of employment."

31.  Under 29 U.S.C.S. § 2615(a)(1):

> "It shall be unlawful for any employer to interfere with, restrain, or deny
> exercise of or the attempt to exercise any right provided under this subchapter."

32.  Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of
Plaintiff's rights under FMLA 29 U.S.C. § 2614(a) and 29 U.S.C. § 2615(a).

33.  Defendant denied Plaintiff a benefit to which she is entitled to under the FMLA in that
it interfered with Plaintiff's right to take leave and publicly posted her job as available to
other persons.

34.  Defendant's action foreclosed Plaintiff's rights under the FMLA, including but not
limited to the right to return to her position/be free from retaliatory actions for
exercising her rights under the law.

35.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered
and will continue to suffer damages, including but not limited to humiliation, anxiety,
and other emotional distress. Plaintiff has suffered and will continue to suffer
substantial losses, including past and future lost wages and benefits.

36.  Plaintiff is accordingly entitled to compensation which exceeds $50,000, and for costs
and attorney's fees.

## COUNT TWO

## THE PREGNANCY DISCRIMINATION ACT OF 1978

37. Plaintiff re-alleges and re-incorporates by reference each and every allegation set forth in the proceeding paragraphs.

38. The Pregnancy Discrimination Act of 1978 ("PDA") amended Title VII of the Civil Rights Act of 1964 ("Title VII"), prohibiting an employer from discriminating against an employee based on pregnancy, childbirth, and related medical conditions.

39. The PDA requires that pregnant women be treated the same as other employees for purpose of leave, accommodation, and participation in benefit plans and health and disability insurance.

40. Plaintiff was entitled to FMLA leave because she gave birth to her child and needed time to care for her new born child.

41. In accordance with FMLA, on DATE, Plaintiff notified Defendant that she would need to take leave.

42. Defendant and Plaintiff then agreed by email that Plaintiff's pregnancy leave was to be scheduled from October 01, 2020 to January 04, 2021.

43. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of Plaintiff's rights under PDA of Title VII of the Civil Rights Act of 1964.

44. Defendant discriminated against Plaintiff and her right to leave under the FMLA based on pregnancy and childbirth.

45. Defendant's action foreclosed Plaintiff's rights under the FMLA and PDA, including but not limited to the right to return to her position/be free from retaliatory actions for exercising her rights under the law.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to humiliation, anxiety, and other emotional distress. Plaintiff has suffered and will continue to suffer substantial losses, including past and future lost wages and benefits.

47. Plaintiff is accordingly entitled to compensation which exceeds $50,000, and for costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request the following relief:

I.      Accept jurisdiction over this matter;

II.     Award Plaintiff for her past and future loss wages and benefits, plus interest;

III.    Award Plaintiff liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

IV.     Award to Plaintiff all costs and reasonable attorney's fees incurred in connection with this action; and

V.      Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated: The 27th day of April, 2021                    **WAGNER, FALCONER, & JUDD, LTD.**

s/ Michael B. Healey
Michael Healey, #0389283
100 South Fifth Street, Suite 800
Minneapolis, MN 55402
Telephone: 612-339-1421
Facsimile: 612-392-3999

**ATTORNEY FOR PLAINTIFF**

**VERIFICATION**

I, Kayla Clauson, have read the contents of the above Verified Complaint and, pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury that the foregoing is true and correct.

SIGNED:

Kayla Clauson

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: